J-A34022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CATHERINE L. WEITZEL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK B. WEITZEL | |
| Appellant | No. 2096 MDA 2012 |

Appeal from the Order Entered October 16, 2012
In the Court of Common Pleas of Berks County
Civil Division at No(s): 05 - 15447

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 07, 2016**

Mark B. Weitzel ("Husband") appeals, *pro se*, from the order entered October 16, 2012, in the Berks County Court of Common Pleas dismissing his petition to hold his ex-wife, Catherine L. Weitzel ("Wife"), in contempt of the court's prior orders and the parties' Post Nuptial Agreement ("PNA").  On appeal, Husband argues the trial court abused its discretion in dismissing his petition.  We affirm.

The facts and procedural history underlying this appeal are as follows. On November 14, 2005, Wife filed a complaint in divorce.  The parties entered into a counseled PNA on May 14, 2008, which provided, *inter alia*, Husband would convey to Wife all his interest in the parties' marital residence, in consideration for which Wife was to secure a home equity loan

to pay Husband $25,000.[1]  Post Nuptial Agreement, 5/14/2008, at ¶¶ 21, 24.  The Agreement further provided that if Wife were unable to secure a home equity loan within 90 days, she would pay Husband $10,000, followed by $500 per month for 30 consecutive months.  *Id.* at ¶ 24.  When Wife failed to secure a home equity loan within 90 days, Husband filed a petition to enforce the PNA on October 17, 2008.  Thereafter, a divorce decree was entered on March 20, 2009, and the agreement was incorporated into the decree.

Following an evidentiary hearing, on June 15, 2009, the trial court granted Husband's petition and directed Wife to pay Husband $10,000 within 90 days, and make 30 consecutive monthly payments of $500 thereafter.  *See* Order, 6/15/2009.  When Wife still failed to make the requisite payments, Husband filed a petition for contempt on October 6, 2009, which the trial court granted after a hearing on January 13, 2010.  Husband filed a second contempt petition on June 3, 2010, claiming Wife still had not paid him the money owed under the PNA.  On October 13, 2010, the court entered an order providing Wife with a reduced payment schedule, and

---

[1] We note that, on April 30, 2008, Husband was convicted of, *inter alia*, aggravated indecent assault for the sexual abuse of the parties' minor daughter, and sentenced, on August 28, 2008, to an aggregate term of five to 10 years' imprisonment, followed by two years' probation.  *See Commonwealth v. Weitzel*, 981 A.2d 938 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 993 A.2d 901 (Pa. 2010).

directing her to execute a judgment note in favor of Husband's counsel.[2] *See* Order, 10/13/2010.

On December 2, 2011, Husband, proceeding *pro se*, filed the contempt petition that is the subject of this appeal.[3] He averred that Wife's last payment to him, pursuant to the court's October 2010 order, was on November 18, 2010. He also indicated his prior attorney was no longer representing him, and that his sister, Lisa Walker, to whom he awarded power of attorney, would be the new payee. Walker signed the petition, and included a verification signed by Husband. Wife filed an answer and new matter asserting, *inter alia*, that Walker had no standing in the matter, and that Wife was insolvent.[4]

On January 31, 2012, the trial court held a brief hearing during which Walker, who is not an attorney, appeared for Husband. The court entered an order in which it stated the hearing was "continued without date, to be re-listed upon [Husband's] request and assurance that he can and will be personally present for the hearing." Order, 1/31/2012. Thereafter, Husband

---

[2] As noted *supra*, Husband was serving a prison sentence at that time.

[3] Husband has remained unrepresented in this appeal.

[4] Specifically, Wife claimed she lost the marital home in foreclosure proceedings, due to her inability to refinance the property because Husband never executed the documents to remove his name from the mortgage. *See* Plaintiff's Answer to Defendant's Petition for Contempt Containing New Matter, 1/27/2012, at ¶ 13.

filed two motions for the production of documents, and when Wife did not comply, he filed a motion to compel discovery. Thereafter, on September 12, 2012, Husband filed a motion to schedule the contempt hearing, and a request to be present *via* video or telephone. The court granted Husband's request and scheduled a hearing. Following a hearing on October 16, 2012, at which Husband appeared *via* telephone, the trial court dismissed Husband's petition for contempt and motion to compel discovery. Husband filed a motion for reconsideration, which the trial court denied. This timely appeal followed.[5]

When reviewing the dismissal of a contempt petition, our standard of review is well-settled:

> In reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt.

***P.H.D. v. R.R.D.***, 56 A.3d 702, 706 (Pa. Super. 2012).

_____

[5] On November 29, 2012, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Husband complied with the court's directive and filed a concise statement on December 20, 2012.

However, on May 3, 2013, Wife filed a Notice of Bankruptcy. Accordingly, on May 6, 2013, this Court entered a *per curiam* order staying the appeal pending the bankruptcy proceedings. ***See*** Order, 5/6/2013. The bankruptcy stay was subsequently lifted by order entered April 24, 2015, when this Court was notified that the United States Bankruptcy Court for the Eastern District of Pennsylvania had dismissed the case. ***See*** Order, 4/24/2015. Wife did not file a responsive brief in this appeal.

Husband contends the trial court abused its discretion when it dismissed his contempt petition. Specifically, he argues the trial court improperly considered his criminal conviction during the October 16, 2012, contempt hearing because the conviction was unrelated to the issue of Wife's contempt.[6] Husband's Brief at 6-8. Further, he claims the court demonstrated bias and ill will when it dismissed his petition. *Id.* at 8.

Husband also argues the trial court's actions violated his constitutional right to access to the courts and due process, as well as "overrode Pa. Rules of Civil Procedure Rule 1930.3." *Id.* at 10. He asserts his "incarceration does not relieve [Wife] of her obligation to pay the agreed upon amount of twenty-five thousand dollars ($25,000.00) in the PNA and the Lower Court's previous Contempt/Enforcement Orders." *Id.* at 11. Moreover, he notes the PNA was executed **after** he was convicted of the sexual abuse of the parties' daughter. Husband states that, although the language of the PNA is clear, Wife "has demonstrated a deliberate pattern of refusing to abide by the terms of the PNA" and has, in fact, been found in contempt on three prior occasions. *Id.* at 16. Accordingly, he contends the trial court abused its discretion in dismissing his contempt petition.

---

[6] Husband also asserts Wife testified falsely during the proceeding regarding the age of their daughter, and Wife's counsel provided incorrect information to the court regarding Husband's sentence. Husband's Brief at 8-9.

The trial court stated, in its opinion, that it dismissed Husband's petition based on Husband's "own dilatory behavior[.]"  Trial Court Opinion, 1/2/2013, at 3.  The court explained:

> At the October 16, 2012 hearing, [Husband] participated by telephone.  The Court attempted to gather some information pertaining to the parties' background and the posture of the case.  Upon the Court's questioning [Husband], [Husband] demonstrated extreme reluctance and delay in answering the Court's questions, gave evasive answers when [he] did answer, and at times displayed what appeared to the Court to be a refusal to answer.  Not having all day to conduct what, with [Husband's] cooperation, should have been a rather short hearing and becoming increasingly frustrated with [Husband's] ongoing delay or refusal to answer the Court's questions, the Court dismissed the Petition for Contempt and Motion to Compel.

*Id.* at 2.

Pennsylvania Rule of Civil Procedure 1930.3 permits testimony at a domestic relations hearing by telephone "**[w]ith the approval of the court upon good cause shown**[.]"  Pa.R.C.P. No. 1930.3. (emphasis supplied).  As the Rule specifically provides, telephonic testimony is acceptable only at the discretion of the trial court.  In the present case, the court found Husband "abused his privilege of being able to participate by telephone … [and] eroded his credibility with his answers, or lack thereof, to the Court's questions."  Trial Court Opinion, 1/2/2013, at 2.  The court further opined:

> If [Husband] wants a fair hearing, he will need to file the appropriate petitions or motions at a time when he is, as previously ordered, capable of being physically present for a hearing where the Court can view his body language and demeanor and otherwise assess his credibility and better impress upon him the need to answer the questions that he is asked with the truth, whole truth and no half-answers.

*Id.* The trial court emphasized that its ruling did not deprive Husband of his opportunity to obtain relief. Rather, the court explained, Husband "still has the opportunity to present his case if and when he can arrange transportation to be personally present." *Id.*

We find no reason to disturb the ruling of the trial court. Testimony by telephone is permitted **only** with court approval. Pa.R.C.P. 1930.3. When, in the court's discretion, Husband abused that privilege, the court was acting within its authority when it dismissed Husband's petition. We remind Husband that, as the complaining party, he had the initial burden to show, by a preponderance of the evidence, that Wife violated a court order. *Childress v. Bogosian*, 12 A.3d 448, 465 (Pa. Super. 2011). Because he is unavailable for the contempt hearing, he is unable to carry that burden. Further, contrary to his argument, Husband is not out of court. He may still seek to enforce the parties' PNA when he can appear for a contempt hearing in person.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2016

- 7 -